UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOREEN SUSINNO, individually and of behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WORK OUT WORLD, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br>**<u>CIVIL ACTION</u>**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Noreen Susinno (referred to individually as "Noreen" or "Plaintiff") bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Work Out World, Inc. ("WOW") and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

5. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself paced the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. Plaintiff Noreen is, and at all times mentioned herein was, an individual and citizen of the State of New Jersey.

9. Upon information and belief, WOW is and was at all relevant times a business entity duly formed under the laws of the State of New Jersey with a place of business located at Seaview Square Mall, 2345 NJ-66, Ocean Township, New Jersey 07712.  Defendant is and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. Sometime prior to July 28, 2015, Plaintiff was assigned, and became the owner of a cellular telephone number ending in 5095 from her wireless provider.

11. On or about July 28, 2015, Plaintiff received a telephone call on her cellular telephone number from 732-903-1800.

12. Upon information and belief, the telephone number 732-903-1800 belongs to the Defendant.

13. The Defendant left a pre-recorded message on Plaintiff's cellular telephone voicemail system as follows:

> "This is an important update pertaining to a letter we recently mailed you. We failed to mention that membership pricing at WOW will be increasing significantly. As a former member you have the chance to beat the upcoming price increase.  Until July 31st we invite you and up to two friends or family to join WOW on this VIP membership that includes access to all locations group classes, free babysitting, or tanning. All for zero down and twenty dollars a

month. Plus the monthly dues are guaranteed to never increase. Remember this offer expires this Friday July 31st. Stop by any location or join online at workoutworld.com/rejoin. That's workoutworld.com/rejoin."

14. The message was followed by a six second pause and lasted one minute and two seconds in total.

15. Upon information and belief, and based off of above, the Defendants used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), which is prohibited by 47 U.S.C. § 227(b)(1)(A).

16. The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The telephone numbers Defendants called were assigned to a cellular telephone service for which the Plaintiffs incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiffs did not provide "prior express consent" to receive telephone calls from Defendant using an artificial or prerecorded voice utilizing an ATDS, as required by 47 U.S.C. § 227(b)(1)(A).

19. If Plaintiff did provide "prior express consent," such consent was revoked when Plaintiff cancelled her gym membership with the Defendant.

20. These telephone calls by Defendants or its agents were therefore in violation of 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

21. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

22. Plaintiffs represent, and are members of, the Class, consisting of:

> All persons within the United States who either used to be a member of WOW or were never a member of WOW who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone or residential telephone line made through the use of any automatic telephone dialing system using an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

23. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agent's records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class

predominate over questions which may affect individual Class members, including the following:

1. Whether, within the four years prior to the filing of the Complaint, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a telephone service;
2. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and
3. Whether Defendants should be enjoined from engaging in such conduct in the future.

28.  As persons who received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

29.  Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few if any Class members could afford to seek legal redress for the wrongs complained of herein.

30.  Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

31.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of

separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendants negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Date:   July 30, 2015

                                          **MARCUS ZELMAN, LLC**

                                          */s/ Ari Marcus*
                                          Ari Marcus, Esq.
                                          1500 Allaire Avenue, Suite 101
                                          Ocean, New Jersey 07712
                                          (732) 695-3282 telephone
                                          (732) 298-6256 facsimile
                                          Ari@MarcusZelman.com
                                          *Attorneys for Plaintiffs, Noreen Susinno*
                                          *Individually and on Behalf of All Others*
                                          *Similarly Situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 30, 2015                                 */s/ Ari Marcus*
                                                     Ari Marcus, Esq.