UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

NOREEN SUSINNO,

        Plaintiff,

v.

WORK OUT WORLD, INC.,

        Defendant.

No. 3:15-cv-05881(PGS)(TJB)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .................................................................................................................2

    I.     Standard of Review .......................................................................................2

    II.    Plaintiff Fails To Allege A Concrete Harm Establishing
          The Requisite Injury-In-Fact ........................................................................3

    III.   Plaintiff's Claims Are Moot Depriving The Court of
          Jurisdiction....................................................................................................7

CONCLUSION ............................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937)................................................................................................8

*Allen v. Wright*,
    468 U.S. 737 (1984)................................................................................................8

*Blanciak v. Allegheny Ludlum Corp.*,
    77 F.3d 690 (3d Cir. 1996) .....................................................................................9

*Blinder, Robinson & Co., Inc. v. S.E.C.*,
    748 F.2d 1415 (10th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985) ..................8

*Campbell-Ewald Co. v. Gomez*,
    136 S. Ct. 663 (2016)......................................................................................... 9-13

*County of Morris v. Nationalist Mvmt.*,
    273 F.3d 527 (3d Cir. 2001) ...................................................................................9

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013).....................................................................................9, 10

*Gray v. Kern*,
    No. CV WMN-13-2270, 2016 WL 1446751 (D. Md. Apr. 13,
    2016) ......................................................................................................................12

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990)................................................................................................8

*Leyse v. Lifetime Entm't Servs., LLC*,
    No. 13 CIV. 5794 (AKH), 2016 WL 1253607 (S.D.N.Y. Mar. 17,
    2016) ......................................................................................................................12

*Lusardi v. Xerox Co.*,
    975 F.2d 964 (3d Cir. 1992) ...................................................................................8

*The Medical Society of New Jersey v. Herr*,
    191 F. Supp. 2d 574 (D.N.J. 2002)........................................................................2

*New Jersey Turnpike Auth. v. Jersey Cent. Power & Light*,
    772 F.2d 25 (3d Cir. 1985) ..................................................................................8

*Price v. Berman's Auto., Inc.*,
    No. 14-763-JMC, 2016 WL 1089417 (D. Md. Mar. 21, 2016)..........................12

*Solomon v. Solomon*,
    516 F.2d 1018 (3d Cir. 1975) ............................................................................2

*Spokeo, Inc. v. Robbins*,
    578 U.S. __, 136 S. Ct. 1540 (2016).......................................................... 1, 3-7

*Symczyk v. Genesis HealthCare Corp.*,
    656 F.3d 189 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct.
    1523 (2013).........................................................................................................8

*Vestcom Int'l, Inc. v. Chopra*,
    114 F. Supp. 2d 292 (D.N.J. 2000)......................................................................8

*Weiss v. Regal Collections*,
    385 F.3d 337 (3d Cir. 2004) ...............................................................................7

**Statutes**

Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681 *et seq.*....................................4

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* .....................................9

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*..................1, 6, 10, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).............................................................................1, 2, 7, 13

Fed. R. Civ. P 68 ................................................................................................ 1, 7-11

Rule 12(b)(6)...............................................................................................................2

U.S. Const. Art. III................................................................................ 1, 3, 5-8, 13

Defendant Work Out World, Inc. respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Noreen Susinno's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

## **PRELIMINARY STATEMENT**

Plaintiff's Complaint for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), must be dismissed for lack of subject matter jurisdiction.

First, Plaintiff asserts only "a bare procedural violation, divorced from any concrete harm" and thus fails to "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robbins*, 578 U.S. __ , 136 S. Ct. 1540, 1549 (2016). While the Complaint alleges that the putative class may have incurred "cellular telephone charges *or* reduce[d] cellular telephone time" (plainly, Plaintiff does not know the terms and conditions of each putative class member's cellular phone contract undermining the veracity of the allegation and defeating class treatment in any event), it fails to allege that Plaintiff, herself, actually suffered any injury-in-fact whatsoever compelling dismissal for lack of standing.

Second, Defendant served an Offer of Judgment and tendered payment pursuant to Fed. R. Civ. P 68 which fully satisfies Plaintiff's demand in the Complaint rendering the claims moot. This negates the existence of any "case or controversy" under Article III of the U.S. Constitution and deprives this Court of

1

subject matter jurisdiction additionally compelling dismissal in accord with Fed. R. Civ. P. 12(b)(1).

Consequently, in accord with binding precedent from the United States Supreme Court, the Court may enter Judgment in favor of Plaintiff in the sum of $1501.00 already paid to, and accepted by, her and dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

## ARGUMENT

### I. Standard of Review.

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "no presumption of truthfulness attaches to plaintiff's allegations of jurisdictional facts." *The Medical Society of New Jersey v. Herr,* 191 F. Supp. 2d 574, 578 (D.N.J. 2002). When a 12(b)(1) motion "calls into question the essential facts underlying a claim of subject matter jurisdiction... the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Further, unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction may refer to affidavits or matter outside of the pleadings without converting the motion into a motion for summary judgment. *See Solomon v. Solomon*, 516 F.2d 1018, 1027 (3d Cir. 1975).

## II.   Plaintiff Fails To Allege A Concrete Harm Establishing The Requisite Injury-In-Fact.

Plaintiff asserts only "a bare procedural violation, divorced from any concrete harm" and thus fails to "satisfy the injury-in-fact requirement of Article III" compelling dismissal for lack of subject matter jurisdiction. *Spokeo, Inc. v. Robbins*, 578 U.S. __, 136 S. Ct. 1540 (2016).

As the United States Supreme Court recently held in *Spokeo*, a plaintiff must satisfy the critical elements of standing to establish a case or controversy warranting federal court jurisdiction in accord with Art. III, § 2 of the U.S. Constitution. As the Court explained:

> Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. … Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan*, 504 U.S., at 560, 112 S. Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*, at 560-561, 112 S. Ct. 2130; *Friends of the Earth, Inc.*, 528 U.S., at 180c181, 120 S. Ct. 693. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L.Ed.2d 603 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Warth, supra*, at 518, 95 S. Ct. 2197.

*Id.* at 1547.

This case, as in *Spokeo*, "primarily concerns injury in fact, the '[f]irst and foremost' of standing's three elements." *Id*. As the Court further instructed:

3

> To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S., at 560, 112 S. Ct. 2130 (internal quotation marks omitted). … For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way.

*Id*. at 1548.  Importantly, moreover, in addition to being "particularized," an "injury in fact must also be 'concrete.'"  *Id*.  Again, as the Court explained:

> A "concrete" injury must be "de facto "; that is, it must actually exist. When we have used the adjective "concrete," we have meant to convey the usual meaning of the term -- "real," and not "abstract. " Concreteness, therefore, is quite different from particularization.

*Id*. (internal citations omitted).  Here, as in *Spokeo*, Plaintiff has failed to allege a concrete injury defeating standing and compelling dismissal.

In *Spokeo*, the plaintiff alleged violations of the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681 *et seq*. ("FCRA").  Specifically,

> Spokeo searches a wide spectrum of databases and gathers and provides information such as the individual's address, phone number, marital status, approximate age, occupation, hobbies, finances, shopping habits, and musical preferences.  According to Robins, Spokeo markets its services to a variety of users, including not only "employers who want to evaluate prospective employees," but also "those who want to investigate prospective romantic partners or seek other personal information." …

> At some point in time, someone (Robins' complaint does not specify who) made a Spokeo search request for information about Robins, and Spokeo trawled its sources and generated a profile. By some means not detailed in Robins' complaint, he became aware of the contents of that profile and discovered that it contained inaccurate information. His profile, he asserts, states that he is married, has children, is in his 50's,

4

> has a job, is relatively affluent, and holds a graduate degree. App. 14. According to Robins' complaint, all of this information is incorrect. Robins filed a class-action complaint in the United States District Court for the Central District of California, claiming, among other things, that Spokeo willfully failed to comply with the FCRA requirements enumerated above.

*Id*. at 1546 (internal citations omitted).

In vacating the judgment of the Ninth Circuit Court of Appeals and remanding, the Court concluded that:

> Because the Ninth Circuit failed to fully appreciate the distinction between concreteness and particularization, its standing analysis was incomplete. It did not address the question framed by our discussion, namely, whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement.

*Id*. at 1549. In doing so, the Court expressly rejected allegations -- as those levied here -- of a mere procedural violation rising to the level of a concrete harm and, critically, noted that a violation of a statute's "procedural requirements may result in no harm." *Id*. In such a case, a complaint was subject to dismissal for want of the plaintiff's standing because:

> ***Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right***. Article III standing requires a concrete injury even in the context of a statutory violation. ***For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III***. *See Summers*, 555 U.S., at 496, 129 S. Ct. 1142 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is

>    insufficient to create Article III standing"); *see also Lujan, supra*, at 572, 112 S. Ct. 2130.

*Id*. (emphasis added).

Here, as in *Spokeo*, Plaintiff alleges "a bare procedural violation, divorced from any concrete harm" precluding standing. *Id*. Indeed, the Complaint offers not a single allegation that the Plaintiff suffered any harm whatsoever and instead simply alleges a mere statutory violation of the TCPA:

>    The telephone numbers Defendants called were assigned to a cellular telephone service for which the Plaintiffs incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

Declaration of Stephen P. Roma, Sr., dated June 3, 2016 ("Roma Decl.") at Exhibit A, ¶ 17. Notably, although there is only ***one*** named Plaintiff, the Complaint frames this allegation in the ***plural*** facetiously alleging harm to a putative class which does not exist. Plainly, Plaintiff does not know the terms and conditions of each putative class member's cellular phone contract undermining the veracity of the allegation in the first instance. Plaintiff also cannot rely on unnamed, absent class members to establish her own standing. "That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 136 S. Ct. at 1547 n.6 (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 40, n. 20, 96 S. Ct. 1917, 48 L.Ed.2d 450 (1976) (quoting *Warth*, 422 U.S. at

502, 95 S. Ct. 2197)). For this reason, Plaintiff cannot rely on her baseless "Class Action Allegations" to establish her own standing and the Court need not even consider them in granting dismissal.

The Complaint further fails to allege the terms of the Plaintiff's own cellular phone contract defeating the vacuous claim that she somehow "incurred charges" for a single incoming call -- especially in 2015 when most Americans are on "unlimited" or "flat-rate" cell phone plans where no charges are incurred for incoming calls or text messages and no other injury exists. As *Spokeo* unequivocally instructs, in the absence of any injury, there can be no claim. *See Spokeo*, 136 S. Ct. at 1549. Accordingly, the Court may grant dismissal with prejudice pursuant to Rule 12(b)(1) on this basis alone.

### III. <u>Plaintiff's Claims Are Moot Depriving The Court Of Jurisdiction</u>.

Defendant served an Offer of Judgment ***and*** tendered payment pursuant to Fed. R. Civ. P 68 which fully satisfies Plaintiff's demand in the Complaint rendering the claims moot. This negates the existence of any "case or controversy" under Article III of the U.S. Constitution and deprives this Court of subject matter jurisdiction also compelling dismissal in accord with Fed. R. Civ. P. 12(b)(1).

"An offer of complete relief will generally moot [a party's] claim, as at that point the [party] retains no personal interest in the outcome of the litigation." *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3d Cir. 2004). "[N]o justiciable

controversy remains when a defendant tenders an offer of judgment under Rule 68 encompassing all the relief a plaintiff could potentially recover at trial." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013) (citing *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991)). This is because Article III of the United States Constitution requires that Federal Courts limit the exercise of their judicial power to actual cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990); *Vestcom Int'l, Inc. v. Chopra,* 114 F. Supp. 2d 292, 296 (D.N.J. 2000). If a claim no longer presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it. *See Allen v. Wright,* 468 U.S. 737, 750 (1984); *Lusardi v. Xerox Co.,* 975 F.2d 964, 974 (3d Cir. 1992); *see also New Jersey Turnpike Auth. v. Jersey Cent. Power & Light,* 772 F.2d 25, 31 (3d Cir. 1985) (Article III demands that "an actual controversy exist at all stages of review, not merely at the time the complaint is filed.").

In determining whether a "case or controversy" exists, there must be a real and substantial controversy that can be resolved through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937); *Blinder, Robinson & Co., Inc. v. S.E.C.,* 748 F.2d 1415, 1418 (10th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985). That is, "[i]f developments occur during

8

the course of adjudication that eliminate a [party's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698-699 (3d Cir. 1996). The court's ability to grant effective relief lies at the heart of the mootness doctrine. *See County of Morris v. Nationalist Mvmt.,* 273 F.3d 527, 533 (3d Cir. 2001).

Recent U.S. Supreme Court precedent is again dispositive here compelling dismissal. *See Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016); *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013). In *Genesis Healthcare*, the plaintiff filed a complaint on behalf of herself and similarly situated persons under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, claiming statutory damages for compensable work performed during unpaid meal breaks. 133 S. Ct. at 1527. Soon after, the defendants served an offer of judgment under Federal Rule of Civil Procedure 68 for the unpaid wages, reasonable attorneys' fees, costs, and expenses. *See id*. At the time, no other person had opted into the collective action. *See id*. The defendants then moved to dismiss for lack of subject matter jurisdiction. *See id*. The plaintiff responded that the defendants were "inappropriately attempting to 'pick off' the named plaintiff before the collective-action process could unfold." *Id*. at 1527.

9

The Supreme Court resolved the issue of "whether such a case is justiciable when the lone plaintiff's individual claim becomes moot." *Id*. at 1526. The Court "assume[d], without deciding, that [defendants'] Rule 68 offer mooted [plaintiff's] individual claim." *Id*. at 1529. Given that the individual claim was deemed moot, the Court held: "In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id*. It added that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id*.

Three years later in *Campbell-Ewald*, in a case (like this one) involving the TCPA, the Court reached the question that it reserved in *Genesis Healthcare*. 136 S. Ct. at 666. Adopting the reasoning of Justice Kagan's dissent in *Genesis Healthcare*, the Court held that "in accord with Rule 68 of the Federal Rules of Civil Procedure, an unaccepted settlement offer has no force." 136 S. Ct. at 666. "Under basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id*. at 670. "In short, with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id*. at 670-71. Because the unaccepted settlement offer did not moot the named plaintiff's individual claims, it also did not preclude class certification: "[A] would-be class representative with a

10

live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id*. at 672.

*Campbell-Ewald* is particularly relevant here for what it did ***not*** decide. The Court reserved the following issue: " We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." 136 S. Ct. at 672.

The remaining four justices resolved the issue reserved by the majority, stating expressly that tendering a check or depositing one with the district court moots a plaintiff's individual claims. *See id*. at 675 (Thomas, J., concurring in judgment) (explaining that because the defendant did not make payment on either its Rule 68 offer or its freestanding offer of settlement, the court was not deprived of jurisdiction); *id*. at 680 (Roberts, C.J., dissenting) (stating that the plaintiff received complete relief when the defendant made its offer, but if there was any "question whether [the defendant] is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court"); *id*. at 684 (Alito, J., dissenting) (noting that a case is moot when a defendant makes it "absolutely clear" that the plaintiff will be able to receive the offered relief, emphasizing the "most straightforward way" to do so "is simply to pay over the money").

District Courts applying *Campbell-Ewald* have dismissed claims as moot in the presence of an offer and the tender of payment. *See, e.g., Gray v. Kern*, No. CV WMN-13-2270, 2016 WL 1446751, at *2 (D. Md. Apr. 13, 2016) ("Despite the Gomez majority's reluctance to confront the issue of actual payment, the dissenting Justices made clear that such a measure would moot the issue in controversy."); *Price v. Berman's Auto., Inc.*, No. 14-763-JMC, 2016 WL 1089417, at *3 (D. Md. Mar. 21, 2016) (stating that it will dismiss the plaintiff's claim as moot if the defendant "reissues an unconditional cashier's check equal to the [requested relief]"); *Leyse v. Lifetime Entm't Servs., LLC*, No. 13 CIV. 5794 (AKH), 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016) ("[O]nce the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor.").

Here, Defendant served an Offer of Judgment on August 21, 2015, in the amount of $1501.00 and provided a proposed Order for a Stipulated Permanent Injunction in full satisfaction of Plaintiff's claims. *See* Roma Decl., Exhibit B. As alleged in the Complaint, the most Plaintiff could recover is $1500.00 arising from a willful violation of the TCPA. *See* Roma Decl., Exhibit A at ¶ 39 (citing 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)). This amount -- plus a dollar for good measure -- was deposited into Plaintiff's account on March 30, 2016 and has since been accepted by Plaintiff without objection. *See* Roma Decl., Exhibit C. The

additional stipulation for entry into a permanent injunction unquestionably affords Plaintiff all of the relief she seeks.

Consequently, in accord with the concurring Justices in *Campbell-Ewald* stating expressly that and offer of judgment and tender of payment moots a plaintiff's individual claims, the Complaint may be dismissed with prejudice for lack of subject matter jurisdiction on this basis as well.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Complaint be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), either because Plaintiff has failed to satisfy the standing requirements of Article III or, in the alternative, because her claims are moot, and grant such other, further, and additional relief as the Court deems just and proper.

Dated: Woodland Park, New Jersey　　　ANSELL GRIMM & AARON, P.C.
　　　　June 10, 2015

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　Joshua S. Bauchner, Esq.
　　　　　　　　　　　　　　　　　　　　Michael H Ansell, Esq.
　　　　　　　　　　　　　　　　　　　　365 Rifle Camp Road
　　　　　　　　　　　　　　　　　　　　Woodland Park, New Jersey 07424
　　　　　　　　　　　　　　　　　　　　(973) 247-9000
　　　　　　　　　　　　　　　　　　　　(973) 247-9199 facsimile