UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOREEN SUSINNO, individually and on behalf of all others similarly situated<br><br>            Plaintiff,<br><br>    vs.<br><br>WORK OUT WORLD, INC. and JOHN DOES 1-25,<br><br>            Defendant. | Civil Action No. 3:15-cv-5881-PGS-TJB |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(1)**

**MARCUS ZELMAN, LLC**


By:__ /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Ari H. Marcus, Esq.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:      (732) 695-3282
Fax:          (732) 298-6256
*Attorney for the Plaintiff*
*Noreen Susinno*

## TABLE OF CONSTENTS

PRELIMINARY STATEMENT…………………………………..……..…..……..………..5

PROCEDURAL HISTORY………………………………………………………………..6

STANDARD OF REVIEW TO BE APPLIED TO DEFENDANT'S
MOTION TO DISMISS THE COMPAINT……………………………...................................6

ARGUMENT……………………………….....................................................................7

A.      THE PLAINTIFF HAS ARTICLE III STANDING TO BRING
        THIS TCPA ACTION………………………………………………………………7

B.      DEFENDANT DID NOT TENDER ANY MONEY TO THE PLAINTIFF
        AND THEREFORE DID NOT MOOT THIS ACTION…………………………..11

C.      EVEN IF, *ARGUENDO*, THE DEFENDANT TENDERS MONEY DIRECTLY
        TO THE PLAINTIFF, THIS ACTION WOULD STILL NOT BE MOOT…………13

CONCLUSION……………………………………………………………………………21

## TABLE OF AUTHORITIES

*APB Associates, Inc. v. Bronco's Saloon, Inc.*,

 2016 WL 1394646 (E.D. Mich. Apr. 7, 2016)……………………………………………17

*Bais Yaakov of Spring Valley v. ACT, Inc.*,

 No. 4:12-CV-40088-TSH, 2016 WL 2733104 (D. Mass. May 10, 2016)……………...16

*Bais Yaakov of Spring Valley v. Varitronics, LLC*,

 No. CV 14-5008 ADM/FLN, 2016 WL 1735815 (D. Minn. May 2, 2016)……………15

*Booth v. Appstack, Inc.*,

 No. C13-1533JLR, 2016 WL 3030256 (W.D. Wash. May 25, 2016)……………………..7

*Brady v. Basic Research, LLC*,

 No. 13CV7169SJFARL, 2016 WL 1735856 (E.D.N.Y. May 2, 2016)………………15, 17

*Campbell-Ewald Co. v. Gomez*,

 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016)……………………………………………..11-12

*Chen v. Allstate Ins. Co.*

 819 F.3d 1136, 1141 (9th Cir. 2016)………………………………………………14, 16

*D.P. Enter. Inc. v. Bucks County Community College*,

 725 F.2d 943, 944 (3d Cir.1984)…………………………………………………………...6

*Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*,

 No. CV 15-0563-WS-C, 2016 WL 3676601 (S.D. Ala. July 5, 2016)………………..18-19

*Fauley v. Royal Canin U.S., Inc.*,

 No. 15 C 2170, 2016 WL 2766286 (N.D. Ill. May 13, 2016)………………………...15, 17

*Gray v. Kern*,

 143 F. Supp. 3d 363, 365 (D. Md. 2016)…………………………………………………10

*Imhoff Inv., L.L.C. v. Alfoccino, Inc.*,

 792 F.3d 627 (6th Cir. 2015)……………………………………………………………...10

*In re Burlington Coat Factory Sec. Litig.*,

 114 F.3d 1410, 1420 (3d Cir. 1997)………………………………………………………..6

*In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*,

 311 F.3d 198 (3d Cir. 2002)………………………………………………………………..6

*Johnson v. Navient Sols., Inc.*,

 No. 115CV00716LJMMJD, 2015 WL 8784150 (S.D. Ind. Dec. 15, 2015)………………..8

*Klein v. General Nutrition Companies, Inc.*,

    186 F.3d 338, 342 (3d Cir.1999)……………………………………………………..7

*Leyse v. Lifetime Entertainment Services, LLC*,

    No. 13-cv-5794, 2016 WL 1253607 (S.D.N.Y. Mar. 17, 2016)…………………………..19

*Machesney v. Lar-Bev of Howell, Inc.*,

    No. 10-10085, 2016 WL 1394648 (E.D. Mich. Apr. 7, 2016)……………………………15

*Mey v. Got Warranty, Inc.*,

    No. 5:15-CV-101, 2016 WL 3645195 (N.D.W. Va. June 30, 2016)………………………8

*Price v. Berman's Auto., Inc.*,

    No. 14-cv-763, 2016 WL 1089417 (D. Md. Mar. 21, 2016)……………………………...20

*Radha Giesmann, MD, P.C. v. American Homepatient, Inc.*,

    2016 WL 3407815  (E.D. Mo. June 16, 2016)…………………………………………17

*Rocks v. City of Philadelphia*,

    868 F.2d 644, 645 (3d Cir.1989)………………………………………………………...6

*Rogers v. Capital One Bank (USA), N.A.*,

    No. 1:15-CV-4016-TWT, 2016 WL 3162592 (N.D. Ga. June 7, 2016)……………………7

*Soppet v. Enhanced Recovery Co., LLC*,

    679 F.3d 637, 639 (7th Cir. 2012)………………………………………………………8

*South Orange Chiropractic Ctr., LLC v. Cayan LLC*,

    No. CV 15-13069-PBS, 2016 WL 3064054 (D. Mass. May 31, 2016)………………..…14

*Ung v. Universal Acceptance Corp.*,

    2016 WL 3136858 (D. Minn. June 3, 2016)………………………………………..17-18

*Wallace v. Enhanced Recovery Co., LLC*,

    No. 7:13-CV-124-FL, 2015 WL 5455937 (E.D.N.C. Sept. 16, 2015)…………………..9

*Weiner v. Quaker Oats Co.*,

    129 F.3d 310, 315 (3d Cir.1997)………………………………………………………...7

*Wilson v. Gordon* ,

    No. 14-6191, 2016 U.S. App. LEXIS 9374 (6th Cir. May 23, 2016)……………………14

*Wilson v. Quadramed Corp.*,

    225 F.3d 350, 353 (3d Cir. 2000)………………………………………………………7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the Defendant's Motion to Dismiss the Complaint, pursuant to FRCP 12(b)(1). Plaintiff commenced this putative class action via the filing of a Complaint which alleged that the Defendant violated the Telephone Consumer Protection Act (the TCPA). As alleged in the Amended Complaint, on July 28, 2015, the Defendant placed a prerecorded voice message to the Plaintiff's cellular phone. The Amended Complaint further alleges that the Plaintiff did not provide prior express written consent to Defendant for the Defendant to place prerecorded voice messages to the Plaintiff's cellular phone. Under these plain and simple facts, the Plaintiff has established that the Defendant violated the TCPA.

The Plaintiff then commenced this action, alleging a claim on behalf of all consumers who received this standardized prerecorded voicemail from the Defendant. The Defendant moves to dismiss this action, claiming that the Plaintiff lacks Article III standing to sue. The Defendant further asserts that the Plaintiff's claim was mooted by the Defendant's an attempt to "pick off" the named Plaintiff so as to avoid liability to the putative class. Specifically, the Defendant attempted to tender full monetary relief to the Plaintiff, in order to moot the Plaintiff's claim, a mechanism mentioned in *dicta* by the dissent in *Campbell-Ewald v. Gomez.* As set forth below, the Plaintiff has clearly established that she has Article III standing to sue in this action. Furthermore, Defendant's efforts to moot this case fail as a matter of both fact and law. Accordingly, it is respectfully requested that the Defendant's Motion to Dismiss be denied in its entirety.

## PROCEDURAL HISTORY

Plaintiff commenced the instant action on July 30, 2015.  (Docket 1).  On August 21, 2015, the Defendant tendered a Rule 68 Offer of Judgment to the Plaintiff, offering her $1,501.00.  *See,* Deft. Ex. B, at Docket 19-4).  That Offer was never accepted; however, on March 30, 2016, the Defendant issued a credit of $1,501.00 to the credit card it had on file for the Plaintiff.  (*See,* Deft. Ex. C, at Docket 19-5).[1]  On June 15, 2016, the Plaintiff amended her Complaint as of right, pursuant to FRCP 15.  (Docket 15).  The Defendant now brings the instant Motion to Dismiss.

## STANDARD OF REVIEW TO BE APPLIED TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Although the Defendant's purports to bring its Motion pursuant to FRCP 12(b)(1), the Motion appears to essentially be a hybrid application seeking relief under both FRCP 12(b)(1) and 12(b)(6).[2]  When considering a Rule 12(b)(6) motion, courts are required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.  *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enter. Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984); See also, *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002)("all allegations in the Complaint must be taken as true").   "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997), citing, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).  Plaintiff's

---

[1] As explained below, this credit card does not actually belong to the Plaintiff and is not controlled by Plaintiff.  The Plaintiff did not at any point receive this $1,501.00.

[2] For example, Defendant's Motion to Dismiss based on *Spokeo* is in fact a FRCP 12(b)(6) application that can be summed up as this: did the Plaintiff adequately allege actual harm so as to establish Article III standing?

factual allegations must be accepted as true and this action can be dismissed only if it appears that the plaintiff cannot prove any set of facts entitling him to relief.  *Wilson v. Quadramed Corp.,* 225 F.3d 350, 353 (3d Cir. 2000); *Klein v. General Nutrition Companies, Inc.*, 186 F.3d 338, 342 (3d Cir.1999); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d Cir.1997).

## ARGUMENT

### A. THE PLAINTIFF HAS ARTICLE III STANDING TO BRING THIS TCPA ACTION.

Many courts have addressed the inherent and self-evident harm caused by calls received under the TCPA, and all have found concrete harm to be established under these circumstances. Finding that a TCPA plaintiff had standing in light of the Supreme Court's recent holding in *Spokeo v. Robins,* one district court found "In *Spokeo*, the 'injury' Plaintiffs incurred was arguably merely procedural and thus non-concrete.  In contrast, the TCPA and WADAD violations alleged here, if proven, required Plaintiffs to waste time answering or otherwise addressing widespread robocalls. The use of the autodialer, which allegedly enabled Defendants to make massive amounts of calls at low cost and in a short period of time, amplifies the severity of this injury. As Congress and Washington State's legislature agreed, such an injury is sufficiently concrete to confer standing." *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016).

Standing to bring a TCPA claim was similarly found in *Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-CV-4016-TWT, 2016 WL 3162592 (N.D. Ga. June 7, 2016).  The *Rogers* plaintiffs alleged that the defendant made unwanted phone calls to their cell phone numbers, in violation of the TCPA. The *Rogers* plaintiffs did not otherwise specifically allege in their Complaint how they were harmed by these unwanted calls.  The *Rogers* court denied the motion to dismiss, holding

that "because the Plaintiffs allege that the calls were made to their personal cell phone numbers, they have suffered particularized injuries because their cell phone lines were unavailable for legitimate use during the unwanted calls. The Plaintiffs have alleged sufficient facts to support standing." *Id.,* at *2. *See also, Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. 2012)(recognizing that recipients of auto-dialed calls suffer "out of pocket the cost of the airtime minutes and has had to listen to a lot of useless voicemail").

Standing to bring a TCPA claim was once again found by the court in *Johnson v. Navient Sols., Inc.*, No. 115CV00716LJMMJD, 2015 WL 8784150 (S.D. Ind. Dec. 15, 2015). The *Johnson* plaintiff solely "alleged repeated automated calls to his cell phone directed to collection of a debt owed by a third-party. His attempts to stop the calls by explaining that he was not the person Navient was looking for went unheeded." *Id.,* at *2. The *Johnson* court found that "any harassment caused by these calls could be actionable. Further, the Court is not persuaded by Navient's argument that Johnson has abandoned his claim for actual damages. Although he would need proof of monetary and/or compensatory damages to recover them at trial, discovery is not over and it is evident that he could prove some harm to his privacy." *Id.* As in *Booth* and *Rogers*, the *Johnson* plaintiff established he had standing to sue even though his Complaint did not allege that he suffered any actual damages.

In an extremely thorough and well-reasoned opinion handed down this past month, the court in *Mey v. Got Warranty, Inc.,* No. 5:15-CV-101, 2016 WL 3645195 (N.D.W. Va. June 30, 2016) joined the *Booth, Rogers* and *Johnson* holdings in finding that a TCPA plaintiff has standing to sue, since the harm caused by unwanted calls are self-evident. As in *Booth, Rogers* and *Johnson,* the *Mey* plaintiff did not plead that she had suffered any harm other than the statutory violations. The *Mey* court nonetheless denied the defendant's motion to dismiss post-*Spokeo,* holding that

"this Court finds that unwanted phone calls cause concrete harm. For consumers with prepaid cell phones or limited-minute plans, unwanted calls cause direct, concrete, monetary injury by depleting limited minutes that the consumer has paid for or by causing the consumer to incur charges for calls. In addition, all ATDS calls deplete a cell phone's battery, and the cost of electricity to recharge the phone is also a tangible harm. While certainly small, the cost is real, and the cumulative effect could be consequential. Of more import, such calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.

*See, Mey v. Got Warranty, Inc.,* at *3.

Article III standing to sue was found under nearly identical circumstances in *Keim v. ADF Midatlantic, LLC,* 9:12-cv-80577-KAM (S.D. FL. December 17, 2015). A copy of the *Keim* decision is annexed hereto as Exhibit A. The *Keim* plaintiff solely sought statutory damages on behalf of himself and the putative class for the receipt of unwanted text messages containing Pizza Hut advertisements. In its complaint, the *Keim* plaintiff alleged that Defendants have caused "actual harm" to recipients of their text messages "because consumers frequently have to pay their cell phone service providers for the receipt of such spam and the recipients of such spam incur actual damages, such as diminished cellular battery life, loss of data storage capacity, invasion of privacy, and intrusion upon seclusion." *Id.,* at *1. The *Keim* court found that these allegations removed the claim from *Spokeo's* grasp, holding that *Spokeo* "will not apply to this TCPA case as pled because Plaintiff has sufficiently alleged actual harm caused by the alleged TCPA violations." *Keim,* supra, at *4.

Similarly, in *Wallace v. Enhanced Recovery Co., LLC*, No. 7:13-CV-124-FL, 2015 WL 5455937 (E.D.N.C. Sept. 16, 2015), the Court found that "Under the TCPA, and as relevant to this case, an injury-in-fact may be established where owner of the telephone number, suing as plaintiff, demonstrates that he or she lost the use of his or her cellular telephone." *Id.*, at *5. The *Wallace*

court concluded that "it is of no moment plaintiff suffered no specific economic harm, as long as he suffered some tangible harm, such as the use of his phone for a period of time." *Id.*, at *5. The Sixth Circuit reached the same conclusion in *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015)(finding Article III standing was established, by the right to have one's phone line and fax machine free of the transmission of unsolicited advertisements).

As repeatedly held by courts addressing this exact issue post-*Spokeo,* a TCPA plaintiff has Article III standing to sue since the injuries sustained by auto-dialed calls are inherent and self-evident. Notably, the Defendant has not cited a single post-*Spokeo* TCPA holding which has dismissed a claim for lack of Article III standing. Conversely, each of the courts cited above found that such injuries include the annoyance and frustration that invariably accompanies these calls, the time spent administering to these calls, the depleted phone battery life, the reduction of limited minutes, and the invasion of privacy.

In this action, the Plaintiff alleges in her Amended Complaint that she suffered actual damages. The Plaintiff specifically alleges that the Defendant's calls (1) were a nuisance and invasion of privacy, (2) harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone, (3) intruded upon Plaintiff's seclusion, (4) caused the Plaintiff aggravation and annoyance, (5) wasted the Plaintiff's time, (6) caused the loss of use of the Plaintiff's phone during the time that her phone was occupied by incoming calls, and (7) depleted the battery life on Plaintiff's cellular telephone. *See, Amended Complaint,* annexed hereto as Exhibit B, page 6, ¶30-36.[3] It is therefore respectfully submitted that - as in *Booth, Johnson, Rogers* and *Mey* – Ms. Susinno has adequately alleged that she suffered actual harm from the

---

[3] The Defendant strangely attaches the Plaintiff's original Complaint filed in this action on July 30, 2015. *See,* Defendant Exhibit A, available at Docket 19-3. The Amended Complaint was filed in this action on June 15, 2016, and is clearly the operative Complaint before this Court.

Defendant's violation of the TCPA, and accordingly has established her standing to sue in this action.

### B. DEFENDANT DID NOT TENDER ANY MONEY TO THE PLAINTIFF AND THEREFORE DID NOT MOOT THIS ACTION.

Defendant's entire Motion to dismiss the Plaintiff's claim as moot is based on the recent Supreme Court holding in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016). In that action, the plaintiff received an automated text message in violation of the TCPA, and sued on behalf of himself and a putative class. *Id.,* at 667. The *Campbell* defendant proposed to settle Gomez's individual claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68. *Id.* In that Rule 68 Offer, Campbell offered to pay Gomez his costs, excluding attorney's fees, and $1,503.00 for the text message that it sent, thereby satisfying the plaintiff's personal treble-damages claim. *Id.,* at 668. Campbell also proposed a stipulated injunction in which it agreed to be barred from sending text messages in violation of the TCPA. *Id.* After Gomez rejected the Rule 68 Offer, the *Campbell* defendant moved to dismiss the case pursuant to FRCP 12(b)(1) for lack of subject-matter jurisdiction. *See id.,* at 668. No Article III case or controversy remained, Campbell urged, because its offer mooted Gomez's individual claim by providing him with complete relief. *Id.*

The Supreme Court rejected the argument that an unaccepted Rule 68 Offer of Judgment would moot the Plaintiff's claims. The *Campbell* court found that "under basic principles of contract law, Campbell's settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy. Absent Gomez's acceptance, Campbell's settlement offer remained only a proposal, binding neither Campbell nor Gomez. Having rejected Campbell's settlement bid, and given Campbell's continuing denial of liability, Gomez gained no entitlement to the relief Campbell previously offered. In short, with no settlement offer still operative, the parties

remained adverse; both retained the same stake in the litigation they had at the outset." *Id.,* at 670-671.  The *Campbell* court further found that an individual asserting a claim should be allowed the fair opportunity to seek class certification: "because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.,* at 672.

In finding that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case" the Supreme Court expressly left open another question which the Defendant asks this Court to answer.  The Supreme Court stated "We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim <u>in an account payable to the plaintiff</u>, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical." *Id.,* at 672. (emphasis added).   Defendant attempted to tee this question up for the Court's determination by crediting the amount of $1,501.00 to the credit card which was used to pay the Plaintiff's gym membership.   However, the Defendant failed to tender the $1,501.00 to the Plaintiff, in an account payable to the plaintiff, which it would need to do before this Court could answer the question left open by the Supreme Court.

As supported by the annexed Declaration of the Plaintiff, the Defendant did <u>not</u> deposit the $1,501.00 into an account payable to the Plaintiff.  *See,* Declaration of Noreen Susinno. annexed hereto as Exhibit C.  Instead, the Defendant credited the amount of $1,501.00 to a credit card ending in 6716.  *See id.,* page 1, ¶4.  That credit card does not belong to the Plaintiff.  Instead, that credit card belongs to the Plaintiff's employer and is only used for office expenses.  *See id.,* ¶7.

The Plaintiff has no access to any amounts credited to this credit card.  *See id.,* ¶5.  Nor does the Plaintiff have any control over the bank accounts linked to this credit card.  *See id.*  As an office manager, the Plaintiff is permitted by her employer to use this credit card for office expenses.  *See id.,* ¶6.  Furthermore, as part of the terms of Plaintiff's employment, she is entitled to paid gym membership. *See id.,* ¶7. Plaintiff therefore used this credit card to pay for her gym membership with Defendant.  *See id.,* ¶8.  However, Plaintiff has not seen this $1,501.00 credit, has not been provided it, and has never been offered it by anybody.  *See id.,* ¶9.  Indeed, the Plaintiff was only aware that this $1,501.00 credit was issued only after her attorneys advised her of it. *See id.,* ¶10.

From a factual standpoint, the Defendant's Motion therefore cannot be possibly granted. The Defendant bases its entire Motion on *dicta* referenced by the dissent in *Campbell-Ewald*. However, that dissent makes clear that a tendered payment may <u>only</u> moot a claim "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff." *Id.,* at 672.  This the Defendant did not do.  Instead, the Defendant merely credited $1,501.00 to a credit card which does not belong to the Plaintiff, which the Plaintiff does not control, and to which funds the Plaintiff has no access to.  Under these facts, the Defendant cannot possibly be granted its Motion to Dismiss, as the factors discussed by the *Campbell-Ewald* are simply not present in this action.[4]

### C. EVEN IF, *ARGUENDO*, THE DEFENDANT TENDERS MONEY DIRECTLY TO THE PLAINTIFF, THIS ACTION WOULD STILL NOT BE MOOT.

The record in this action is clear that the Defendant did not pay the settlement funds in an account payable to the Plaintiff.  Thus, the most basic showing the Defendant needs to establish

---

[4] In an effort to save this Court the trouble of ruling on a Motion which was clearly not supported by the facts, the Plaintiff's counsel advised the Defendant that the Plaintiff does not benefit from the subject credit card.  *See,* Emails annexed as Exhibit D.  Inexplicably, the Defendant's counsel responded that "We do not consent or agree" with this statement.  *See id.*

before this Court can engage in the analysis deferred by the *Campbell-Gomez* dissent is not met. However, even if the Defendant rectifies its error and pays the $1,501.00 into an account with the Court payable directly to the Plaintiff, the Defendant's Motion would still necessarily fail as a matter of law.

Since *Campbell-Ewald* left open whether a TCPA class claim is moot if a defendant actually tendered complete relief to the named plaintiff, at least two courts of appeals and multiple district courts have held in the negative.  *See e.g.*, *Chen v. Allstate Ins. Co.* , No. 13-16816, 2016 U.S. App. LEXIS 6627, at *28 (9th Cir. Apr. 12, 2016); *see also Wilson v. Gordon* , No. 14-6191, 2016 U.S. App. LEXIS 9374, at *36-*37 (6th Cir. May 23, 2016) (accord in Medicaid class action).

Chief Judge Patti Saris of the District of Massachusetts recently noted the widespread agreement among courts since *Campbell-Ewald* in a TCPA class action. *See, South Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 3064054 (D. Mass. May 31, 2016).   In that action, the plaintiff filed a proposed a class action alleging that the defendant sent unsolicited faxes in violation of the TCPA. *See id.,* at *1.  The *South Orange* defendant served the plaintiff with a settlement offer and a Rule 68 offer of judgment, and then moved to dismiss the case as moot.  *See id.*  The Supreme Court subsequently issued its *Campbell-Ewald* decision and found that an unaccepted offer of judgment, without more, does not moot a named plaintiff's claims.  The *South Orange* defendant then requested permission to deposit a check with the Court and have the Court enter judgment against it.  *See id.*  The court denied that request and denied the defendant's Motion to Dismiss.  The *South Orange* defendant then sought an order certifying the denial of its motion to dismiss for interlocutory appeal.

In determining whether to certify the denial of the Motion to Dismiss for interlocutory appeal, the *South Orange* court surveyed the state of the caselaw interpreting the *Campbell-Ewald*

decision.  The *South Orange* court found that "while the caselaw is still evolving, and the Supreme Court tea leaves are hard to read, the courts to rule on this issue since Campbell-Ewald are in harmony: every attempt by a defendant to 'pick off' the named plaintiff with hopes of mooting the proposed class action has been rebuffed."  *Id.,* at *2.  The *South Orange* court noted that "many district courts have reached this conclusion on the basis that the named plaintiff's individual claims are not moot when a defendant deposits a check purporting to provide the named plaintiff with complete relief."  *Id.,* at *3.  The *South Orange* court accordingly concluded that "the rationale of these cases may differ, but the result is the same: a defendant cannot moot a proposed class action solely by paying off the named plaintiff. Because courts since *Campbell-Ewald* have rejected defendants' attempts to do so, the Court concludes that the requisite 'substantial ground for difference of opinion' is lacking and interlocutory appeal under § 1292(b) is unwarranted."  *Id.*

The extensive holdings cited by the *South Orange* court reflect that the overwhelming majority of district courts have rejected efforts to pick off a named plaintiff's individual claim in order to moot the class claims.  *See e.g., Fauley v. Royal Canin U.S., Inc.*, No. 15 C 2170, 2016 WL 2766286, at *1 (N.D. Ill. May 13, 2016) (holding that "it is inappropriate to enter judgment on a named plaintiff's individual claims, 'over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification' "); *Brady v. Basic Research, LLC*, No. 13CV7169SJFARL, 2016 WL 1735856, at *2 (E.D.N.Y. May 2, 2016) ("Other courts—within and without the Second Circuit—are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection."); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, No. CV 14-5008 ADM/FLN, 2016 WL 1735815, at *2 (D. Minn. May 2, 2016) ("In similar motions in other putative TCPA class action cases, efforts to invoke Rule 67 to make real the

hypothetical posed in Campbell-Ewald have been spurned."); *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2016 WL 1394648, at *7 (E.D. Mich. Apr. 7, 2016) ("This Court does not read *Gomez* as supporting Defendants' argument that Plaintiff's claim was mooted because Defendants tendered a check to plaintiff in the amount of the judgment.");*Bais Yaakov of Spring Valley v. ACT, Inc.*, No. 4:12-CV-40088-TSH, 2016 WL 2733104, at *6 (D. Mass. May 10, 2016) ("even if Defendant tenders a check for the higher damages award this would not necessarily end the class action").

A large number of the courts which have rejected post-*Campbell-Ewald* mooting attempts have cited the fact that a putative class representative should be accorded a fair opportunity to first seek class certification.  The Ninth Circuit illustrated this consideration perfectly in the holding of *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016).  In that action, Allstate deposited $20,000.00 into an escrow account in full satisfaction of the *Chen* plaintiff's individual claim, and then moved to dismiss the class claims as moot.  The Ninth Circuit rejected such an approach, finding that "We would reject Allstate's attempt to moot this action before Pacleb has had a fair opportunity to seek certification. That is, even if Allstate could moot the entire action by getting the district court to enter judgment in favor of Pacleb on his individual claims before he has had a fair opportunity to move for certification, we would decline Allstate's invitation to direct the district court to take that action." *Id.,* at 1144.  The Ninth Circuit pointed out that this approach was directly consistent with the Supreme Court's instruction in *Campbell-Ewald* that "while a class lacks independent status until certified, <u>a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted</u>." *Id.,* at 1147, <u>citing</u> *Campbell–Ewald*, 136 S.Ct. at 672 (emphasis added). The Ninth Circuit accordingly instructed that "when a defendant consents to judgment affording complete relief on a named

plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification." *Id.*

The *Chen* court's refusal to moot a class claim until a plaintiff has had a fair opportunity to seek class certification clearly applies the express directive of the Supreme Court.  As such, countless district courts have refused to dismiss class claims where payment for individual claims were tendered, reserving such questions for after the consideration of a class certification motion. *See e.g., Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp.3d 763, 765 (N.D. Ill. 2016) (opining that "it is inappropriate to enter judgment on a named plaintiff's individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification"); *Radha Giesmann, MD, P.C. v. American Homepatient, Inc.*, 2016 WL 3407815, *3 (E.D. Mo. June 16, 2016) ("Here, the Court has not yet held a hearing or ruled on the Motion for Class Certification. Thus, the Court finds it inappropriate to allow Defendant to tender payment to the class representative on his individual claims, over Plaintiff's objection, to presumably incapacitate the class action before Plaintiff has had a fair opportunity to show that certification is warranted."); *Brady v. Basic Research, L.L.C.*, 2016 WL 1735856, *1 (E.D.N.Y. May 2, 2016) ("[e]ntering judgment against Defendants over Plaintiffs' objections before Plaintiffs have had the opportunity to file a class certification motion as Defendants request would ignore the Supreme Court's holding" in *Campbell-Ewald*, even with a tender); *APB Associates, Inc. v. Bronco's Saloon, Inc.*, ___ F. Supp.3d ____, 2016 WL 1394646, *7 n.4 (E.D. Mich. Apr. 7, 2016) ("This Court does not read *Gomez* as supporting Defendants' argument that Plaintiff's claim was mooted because Defendants tendered a check to plaintiff in the amount of the judgment.").

The district court in *Ung v. Universal Acceptance Corp.*, 2016 WL 3136858 (D. Minn. June 3, 2016) concisely outlined why a plaintiff's claim remains live even after the tender of complete monetary relief. The *Ung* court held that a defendant's tender of complete relief for a plaintiff's individual claims in a putative class action alleging TCPA violations moots neither the named plaintiff's claims nor the class claims. As to the individual claims, the *Ung* court observed that with the plaintiff's rejection of the tender, "the parties remain adverse and, hence, retain the same stake in the litigation they had at the outset," meaning that the plaintiff "would end up empty-handed" if the court were to deem those claims moot merely because the defendant tendered a now-rejected check to the plaintiff. *Id.* at *5.  In pondering the impact of *Campbell-Ewald*, the *Ung* court mused that "there is no principled difference between a plaintiff rejecting a *tender* of payment and an *offer* of payment," because "in either case, the plaintiff ends up in the exact same place he occupied before his rejection." *Id.* With respect to class claims, the *Ung* opinion stressed that because the plaintiff had brought his case as a putative class action, he had assumed class responsibilities that he must be given a reasonable opportunity to fulfill. *Id.* at *6 ("a class-action plaintiff must be afforded a reasonable opportunity to show class certification is warranted, even if his or her individual claim has been rendered moot," or else the class action device does not work). Otherwise, the court in *Ung* explained, there would be "a 'race to pay off' named plaintiffs very early in the litigation, before they file motions for class certification." *Id. Ung* pointed out that equating tender of a rejected settlement offer with mootness "would place control of a putative class action in the defendant's hands," against which the *Campbell-Ewald* majority had expressly warned. *Id.* at *7. Ultimately, then, *Ung* concluded that "[t]he law does not countenance the use of individual offers to thwart class litigation, because the class-action device is designed to allow similarly situated plaintiffs to aggregate smaller claims, promoting judicial efficiency." *Id.*

The district court in *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, No. CV 15-0563-WS-C, 2016 WL 3676601 (S.D. Ala. July 5, 2016) found that the *Ung* holding "gives proper force and effect to the *Campbell-Ewald* directive that a would-be class representative with a live claim of her own ***must be accorded a fair opportunity to show that certification is warranted***." *Campbell-Ewald*, 136 S.Ct. at 672 (emphasis in original). The *Family Med. Pharmacy* court found that the "defendants' 'picking off' strategy would extinguish Family Medicine's individual live claim without first allowing that named plaintiff 'a fair opportunity to show that certification is warranted,' thus violating the principles underlying *Campbell-Ewald*." *Id.,* at *6. The district court further noted the extreme harm that would result from allowing defendants to engage in such behavior:

> If defendants could derail a class action at its inception by picking off named plaintiffs via Rule 68 offers of judgment and tender of settlement checks for relatively trifling sums, before a Rule 23 motion could be filed or decided, the resulting game of whac-a-mole would empower sharp-eyed defendants to prevent a class action from ever getting off the ground. Each time a new named plaintiff appeared, the defendant could rush in with a Rule 68 offer and a tender of funds to wipe out the individual claims, erase the named plaintiff, and prevent class certification from ever being litigated. Such a result would effectively write Rule 23 out of the Federal Rules of Civil Procedure, eviscerate consumer class actions, grant absolute power to defendants to destroy class actions in their infancy via a foolproof, inexpensive "picking off" strategy that plaintiffs would be powerless to prevent, and do violence to the guiding principle that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."
> *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, 2016 WL 3676601, at *6.

The three district court cases cited by the Defendant where the class claims were found to be moot are inapposite.  For example, Defendant cites to *Leyse v. Lifetime Entertainment Services, LLC*, No. 13-cv-5794, 2016 WL 1253607 (S.D.N.Y. Mar. 17, 2016).  In *Leyse*, the district court held that it would enter judgment for the plaintiff after the defendant tendered full relief, including costs, to the court clerk <u>because it had already denied the motion for class certification</u>.  Only the

plaintiff's individual TCPA claims remained.  Subsequent district courts expressly noted this distinguishing factor in declining to follow the *Leyse* holding.  *See e.g., Brady v. Basic Research, L.L.C.*, No. 13CV7169SJFARL, 2016 WL 1735856, at *2 (E.D.N.Y. May 2, 2016)(distinguishing *Leyse* because "the plaintiff's motion for class certification had already been denied, and therefore class certification was no longer an issue").  Thus, the *Leyse* plaintiff was afforded the fair opportunity to seek class certification, as the *Campbell-Ewald* court specifically envisioned.  Only once that class certification motion was denied was the *Leyse* plaintiff's claim deemed to be moot.

Defendants' reliance on the District of Maryland case *Price v. Berman's Auto., Inc.*, No. 14-cv-763, 2016 WL 1089417 (D. Md. Mar. 21, 2016) is similarly unavailing.  As noted by the *Brady* holding, supra, the *Price* case "was not filed as a class action."  *Brady v. Basic Research, L.L.C.,* 2016 WL 1735856, at *2.  In fact, in finding that the issuance of an unconditional cashier's check with proof of payment and delivery to plaintiff would moot the plaintiff's individual TILA claim, the *Price* court specifically noted that it did not have to consider the factors weighed by parallel courts, such as "the impact that mooting the case might have on the class action."  *Price v. Berman's Auto., Inc.*, supra, at *2.  Thus, the *Price* court cannot possibly support the Defendant's argument in this action.  The Defendant's reliance on the holding of *Gray v. Kern*, 143 F. Supp. 3d 363, 365 (D. Md. 2016) fails for the exact same reason.  The *Gray* holding simply did not involve an asserted class action.  Accordingly, the Supreme Court's directive that a putative class representative "must be accorded a fair opportunity to show that certification is warranted" was necessarily not implicated in, or considered by the *Gray* court.

In sum, the Supreme Court in *Campbell-Ewald* held that a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted.  The unanimous view of courts across the country is that a tender of complete relief on

a plaintiff's individual claim does not moot the class claims that plaintiff asserts, at least until the plaintiff is afforded a fair opportunity to seek class certification.   In this action, discovery has not even commenced, and the Plaintiff has accordingly not been afforded the opportunity to obtain the discovery she needs in order to file a Rule 23 motion.   Accordingly, under the overwhelming weight of authority, the Plaintiff's claim cannot be mooted until the Plaintiff has been afforded a full and fair opportunity to seek class certification in this action.[5]

### D.  CONCLUSION.

For the foregoing reasons, it is respectfully submitted that the Defendant's Motion to Dismiss should be denied in its entirety.   Defendant first moves to dismiss the Plaintiff's Amended Complaint, claiming that the Plaintiff has failed to sufficiently allege that she has Article III standing to sue in this action.   The Defendant was unable to submit a single post-*Spokeo* holding in support of its position.   The reason for the Defendant's failure to cite to such relevant caselaw is clear; courts post-*Spokeo* have consistently found that TCPA plaintiffs have Article III standing to sue.

Similarly, the Defendant's application to dismiss the Plaintiff's claims as moot must fail. First and foremost, the Defendant failed to tender payment of the Plaintiff's statutory damages into an account payable to the Plaintiff.   However, even if *arguendo*, the Defendant attempts to rectify that error, courts across the country have uniformly held that a plaintiff's claims are not mooted in such a situation, at least until the putative class representative is afforded a fair opportunity to show that class certification is warranted.   The three holdings that the Defendant cites to which have

---

[5] While the Plaintiff did file a Rule 23 Motion in this action, that was an unsupported 'placeholder' motion, solely filed in order to defeat the Defendant's efforts to moot this action under the Supreme Court's holding in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (U.S. 2013).   That placeholder Motion was accordingly denied without prejudice.   Clearly, this was not the fair opportunity to seek actual class certification, as envisioned by the Supreme Court in *Campbell-Ewald*.

mooted a plaintiff's claims either already denied the plaintiff's motion for class certification, or did not involve a class claim at all.  In this action, the Plaintiff has not been afforded a fair opportunity to move for class certification, as the Plaintiff first needs to conduct discovery before she can possibly file her Rule 23 application.

For these reasons, it is respectfully submitted that the Defendant's Motion should be denied in its entirety, together with any such relief as this Court deems just and proper.


Dated: July 18, 2016


**MARCUS ZELMAN, LLC**


By:   /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
Ari H. Marcus, Esq.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:        (732) 695-3282
Fax:            (732) 298-6256
*Attorney for the Plaintiff*
*Noreen Susinno*