# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOREEN SUSINNO,

           Plaintiff,                    No. 3:15-cv-05881(PGS)(TJB)

    v.

WORK OUT WORLD, INC.,

           Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(B)(1)</u>**

Table of Contents

Page

PRELIMINARY STATEMENT ............................................................. 1

I.     PLAINTIFF DOES NOT HAVE STANDING ............................. 3

       A.     Plaintiff Has Not Alleged Any Concrete Harm ................................. 3

       B.     The Post-*Spokeo* Cases Plaintiff Cites Are Distinguishable
              And Not Controlling................................................................. 5

II.    PLAINTIFF'S CLAIMS ARE MOOT......................................... 7

       A.     Despite Plaintiff's Assertion, The Facts Confirm She
              Received Funds And Her Claims Are Moot ...................................... 7

       B.     Dismissal Is Consistent With And Supported by
              *Campbell-Ewald* ............................................................... 9

       C.     Plaintiff's Authority Is Factually Distinguishable And
              Not Controlling................................................................... 12

CONCLUSION ................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anjelino v. New York Times Co.*,
   200 F.3d 73 (3d Cir. 1999)...................................................................................3

*APB Associates, Inc. v. Bronco's Saloon, Inc.*,
   __ F. Supp. 3d __, 2016 WL 1394646 (E.D. Mich. Apr. 7, 2016) .........................13

*Bais Yaakov of Spring Valley v. Varitronics, LLC*,
   No. 14-5008, 2016 U.S. Dist. LEXIS 58316 (D. Minn. May 2, 2016)...................13

*Booth v. Appstack, Inc.*,
   2016 U.S. Dist. LEXIS 68886 (W.D. Wash. May 25, 2016).................................5

*Brady v. Basic Research, L.L.C.*,
   No. 13-CV-7169, 2016 U.S. Dist. LEXIS 58131 (E.D.N.Y. May 2, 2016) ...........13

*Brown v. F.B.I.*,
   793 F. Supp. 2d 368 (D.D.C. 2011) ......................................................................3

*Campbell-Ewald Co. v. Gomez*,
   136 S. Ct. 663 (2016)................................................................... *passim*

*Chen v. Allstate Ins. Co.*,
   819 F.3d 1136 (9th Cir. 2016) ...............................................................12

*Family Med.* Pharm.*, LLC v. Perfumania Holdings, Inc.*,
   No. 15-0563, 2016 U.S. Dist. LEXIS 87028 (S.D. Ala. July 5, 2016) ...................13

*Fauley v. Royal Canin U.S.A., Inc.*,
   143 F. Supp. 3d 763, 764 (N.D. Ill. 2016) ............................................................13

*Geismann v. American Homepatient, Inc.*,
   No. 4:14CV1538, 2016 U.S. Dist. LEXIS 78446 (E.D. Mo. June 16, 2016).........13

*Grice v. Colvin*,
   No. GJH-14-1082, 2016 U.S. Dist. LEXIS 32823 (D. Md. Mar. 14, 2016)................... *passim*

*Imhoff Inv., LLC v. Alfoccino, Inc.*,
   792 F.3d 627 (6th Cir. 2015) .................................................................................6

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp.2d 299 (E.D.N.Y. 2005) ....................................................................5

*Johnson v. Navient Sols., Inc.*,
   ---F.Supp.3d ---, 2015 WL 8784150 (S.D. Ind. Dec. 15, 2015) ...........................5

*Keim v. ADF Midatlantic, LLC*,
    No. 12-cv-80577 (S.D. Fl. December 17, 2015)........................................................6

*Machesney v. Lar-Bev of Howell, Inc.*,
    No. 10-10085, 2016 U.S. Dist. LEXIS 47034 (E.D. Mich. Apr. 7, 2016)...............13

*Machesney v. Lar-Bev of Howell, Inc.*,
    No. 10-10085, 2016 WL 1394648 (E.D. Mich. Apr. 7, 2016) ................................13

*Mey v. Got Warranty, Inc.*,
    No. 15-cv-101, 2016 U.S. Dist. LEXIS 84972 (N.D. W.Va. June 30, 2016)..........6

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977).....................................................................................7

*Rogers v. Capital One Bank USA, N.A.*,
    No. 1:15-CV-4016-TWT, 2016 WL 3162592 (N.D. Ga. June 7, 2016)...................5

*Sartin v. EKF Diagnostics, Inc.*,
    No. 16-1816, 2016 U.S. Dist. LEXIS 86777 (E.D. La. July 5, 2016) ..................3, 4

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
    45 F. Supp. 3d 14 (D.D.C. 2014) .............................................................................4

*South Orange Chiropractic Ctr., LLC v. Cayan LLC*,
    No. 15-13069, 2016 U.S. Dist. LEXIS 49067 (D. Mass. Apr. 12, 2016) ..............13

*Stoops v. Wells Fargo Bank, N.A.*,
    No. 3:15-cv-83, 2016 WL 3566266 (W.D. Pa. June 24, 2016...............................3

*Ung v. Universal Acceptance Corp.*,
    No. 15-127, 2016 U.S. Dist. LEXIS 72861 (D. Minn. June 3, 2016).....................13

*Wallace v. Enhanced Recovery Co., LLC*,
    No. 13-cv-124, 2015 U.S. Dist. LEXIS 123676 (E.D.N.C. Sept. 16, 2015) ...........6

*In re Zappos.com, Inc.*,
    108 F. Supp. 3d 949, 962 .........................................................................................4

**Statutes**

TCPA ..............................................................................................................................3, 5

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*......................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)............................................................................................1, 7, 15

Rule 12(b)(6)................................................................................................................7

Rule 67.........................................................................................................................13

Defendant Work Out World, Inc. respectfully submits this reply memorandum of law in further support of its Motion to Dismiss Plaintiff Noreen Susinno's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

## PRELIMINARY STATEMENT.

The entirety of Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), rests on her receipt of a single, unanswered phone call in response to which she fails to allege – because she did not suffer – any concrete harm. Worse, although Defendant has offered judgment, entry into injunctive relief, and made payment to Plaintiff in full and final satisfaction of all her claims, she persists in this action so her attorneys can extort fees from Defendant for a class that does not exist, and whose putative members have never offered a single complaint.

In *Spokeo, Inc. v. Robins*, the Supreme Court stated unequivocally that "Article III standing requires a concrete injury even in the context of a statutory violation." 136 S. Ct. 1540 (2016). Plaintiff seeks to skirt the Article III standing requirement by arguing that "injuries sustained by auto-dialed calls are inherent and self-evident." Opposition ("Opp.") at 10. Plaintiff is wrong. It is not self-evident how the *single* voicemail Plaintiff allegedly received (FAC ¶ 20) concretely injured her. Moreover, it is not plausible that the single voicemail left on her phone would have wasted her time, interfered with the use of her phone,

1

intruded upon any particular activity she may have been doing, or depleted her battery life.  Plaintiff's patent inability to provide any specific facts to substantiate those bare allegations – having already amended her Complaint in response to Defendant's initial motion to dismiss – confirms that she cannot demonstrate any concrete injury.  Consequently, she does not have standing and her claim must be dismissed.

The case also must be dismissed for a separate and independent reason – Plaintiff does not have a "live claim."  Contrary to the claims made in Plaintiff's Opposition and declaration, the credit card to which $1501.00 was deposited belonged to Plaintiff – the credit card has Plaintiff's name, was used by Plaintiff, was represented by Plaintiff as her own, and she even signed its receipt after using the card.  On these facts, dismissal is warranted and is consistent with the U.S. Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) and post-*Campbell-Ewald* decisions finding mootness where a defendant extended an offer and tendered payment in full satisfaction of a plaintiff's claims. Dismissal, moreover, is consistent with the cases to which Plaintiff cites because they are factually distinguishable and none featured plaintiffs that actually ***received*** funds in their accounts.  For the foregoing reasons, and as discussed at length below, Defendant respectfully urges the Court to grant its Motion and dismiss the Amended Complaint in its entirety and with prejudice.

## I.   PLAINTIFF DOES NOT HAVE STANDING.

### A.   Plaintiff Has Not Alleged Any Concrete Harm.

Plaintiff wrongly assumes that injuries sustained by technical violations of the TCPA are inherent and satisfy the requisite concrete injury.  In *Sartin v. EKF Diagnostics, Inc*., for example, the district court dismissed a complaint where, as here, the plaintiff sought to rely on technical statutory violations in the absence of any actual harm.  *Sartin v. EKF Diagnostics, Inc*., No. 16-1816, 2016 U.S. Dist. LEXIS 86777 at *8-9 (E.D. La. July 5, 2016).  The *Sartin* Court concluded that the complaint "provide[d] no factual material from which the Court can reasonably infer what specific injury, if any, [plaintiff] sustained through defendants' alleged statutory violations."  *Id*. at *9.   Mere conclusory injury allegations do not establish standing and warrant dismissal.  *See id*. ("[a]bsent supporting factual allegations, [plaintiff's] bare assurance that an unspecified injury exists is insufficient to establish Article III standing."); *see also Stoops v. Wells Fargo Bank, N.A.*, No. 3:15-cv-83, 2016 WL 3566266, at *9 (W.D. Pa. June 24, 2016) (dismissing TCPA claims pursuant to *Spokeo* for failure to plead injury beyond mere statutory violation).[1]

---

[1]      *See also Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) ("Standing is established at the pleading stage by setting forth [, inter alia,] specific facts that indicate that the party has been injured in fact or that injury is imminent . . . ."); *Brown v. F.B.I.*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) ("[N]ondescript and conclusory allegations of injury are not the type of general factual allegations

Here, as in *Sartin* and *Stoops*, Plaintiff does not factually support her generic damage allegations.  First, the assertion that Defendant's action "harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone number" (FAC ¶ 31) is a legal conclusion which the court need not accept as true.  Second, Plaintiff does not explain how the voicemail allegedly "intruded upon [her] seclusion" (FAC ¶ 32) or how it "caused [her] aggravation and annoyance." (FAC ¶ 33).  Further, she does not specify when she listened to the voicemail, how much time it took, or how much of her phone battery it allegedly depleted.  Without those specific facts, Plaintiff has not shown what specific injury, if any, she sustained.

Plaintiff's vacuous allegations of "nuisance and invasion of privacy," similarly fail.  Courts throughout the country consistently have determined that such generalized claims of privacy-related injury do not support the concrete injury requirement under Article III.  *In re Zappos.com, Inc*., 108 F. Supp. 3d 949, 962 n. 5 (D. Nev. 2015) ("Even if Plaintiffs adequately allege a loss of privacy, they have failed to show how that loss amount to a concrete and particularized injury."); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig*., 45 F. Supp. 3d 14 (D.D.C. 2014) (plaintiffs' allegations that their privacy had been invaded were

---

from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized.").

insufficient to demonstrate "injury in fact" for purposes of Article III standing); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp.2d 299, 327 (E.D.N.Y. 2005) (plaintiffs alleged loss of privacy resulting from airline improperly transferring customers' personal information to third-party data mining company but failed to allege facts sufficient to show injury).  In the absence of any plausible allegations of a concrete injury, Plaintiff lacks standing and her claim must be dismissed.

### B.    The Post-*Spokeo* Cases Plaintiff Cites Are Distinguishable And Not Controlling.

Plaintiff's reliance on post-*Spokeo* cases finding that a TCPA plaintiff has standing to sue is misplaced.  All of those cases are distinguishable because they involve numerous robocalls, as opposed to the *single voicemail* at issue here.  For example, in *Booth v. Appstack, Inc.,* 2016 U.S. Dist. LEXIS 68886 at *13 (W.D. Wash. May 25, 2016), plaintiff allegedly received seventeen (17) robocalls from defendant.  Consequently, the court found that a "concrete injury" existed because plaintiff wasted time answering "*widespread* robocalls."  *Id.* at *17 (emphasis added).  In *Rogers v. Capital One Bank USA, N.A.,* No. 1:15-CV-4016-TWT, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016), plaintiff alleged that defendant placed at least thirty-one (31) calls to her cell phone number and continued to call her even after she asked defendant to stop.  Similarly, in *Johnson v. Navient Sols., Inc.,* ---F.Supp.3d ---, 2015 WL 8784150, *1, 2 (S.D. Ind. Dec. 15, 2015), the plaintiff alleged "*repeated* automated calls to his cell phone ... [and] [h]is attempts to stop

the calls ... went unheeded." (emphasis added). In *Mey v. Got Warranty, Inc*., No. 15-cv-101, 2016 U.S. Dist. LEXIS 84972 (N.D. W.Va. June 30, 2016), the plaintiff received multiple calls which lasted for up to fifteen (15) minutes at a time.[2]

In contrast, here the entirety of Plaintiff's claim rests upon her receipt of a ***single*** voicemail. Plaintiff does not allege that she received multiple, repeated calls. Plaintiff does not allege that she spent any time answering the allegedly unsolicited call. Plaintiff does not allege specific facts that the single voicemail interfered in any way with the operation of her cellphone. Plaintiff does not allege specific facts that the single voicemail interfered with the phone being available for other use. Plaintiff does not allege specific facts that any putative class member complained of the call and, significantly, Defendant has ***never*** been contacted by any recipient of the alleged calls voicing a complaint or otherwise asserting they suffered any harm whatsoever. *See* Declaration of Stephen P. Roma, Sr., dated July 25, 2016 ("Roma Decl.") ¶ 4. Tellingly, moreover, Plaintiff does not allege that she made any attempt to contact Defendant to halt future calls further

---

[2] Three other pre-*Spokeo* decisions cited by Plaintiff also are inapposite. In *Keim v. ADF Midatlantic, LLC*, No. 12-cv-80577 (S.D. Fl. December 17, 2015), unlike in this case, the court considered a motion to stay pending *Spokeo*. In *Wallace v. Enhanced Recovery Co., LLC*, No. 13-cv-124, 2015 U.S. Dist. LEXIS 123676 (E.D.N.C. Sept. 16, 2015), the court's interpretation of what constitutes tangible harm for purposes of standing was dicta, and the court ultimately found that plaintiff lacked standing to sue. *Imhoff Inv., LLC v. Alfoccino, Inc*., 792 F.3d 627 (6th Cir. 2015), unlike this case, involved transmission of unsolicited faxes which, unlike this case, necessarily waste paper and prevent other incoming faxes.

evidencing the single call's wholesale insignificance and the concomitant absence of any actual injury.  Rather, the first and only action Plaintiff took in response to the single voicemail was the filing of this suit to extort money from Defendant based on "a bare procedural violation, divorced from any concrete harm, [which fails to] satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. __, 136 S. Ct. at 1546.

Plaintiff simply has failed to meet her burden of establishing that jurisdiction exists and thus the Amended Complaint must be dismissed with prejudice in accord with *Spokeo*.  *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977) ("no presumptive truthfulness attaches to plaintiff's allegations" who has the burden of proof that jurisdiction does in fact exist).[3]

## II.   PLAINTIFF'S CLAIMS ARE MOOT.

### A.   Despite Plaintiff's Assertion, The Facts Confirm She Received Funds And Her Claims Are Moot.

Incredibly, Plaintiff claims that the credit card to which $1501.00 was deposited "does not belong to [her].  Instead that credit card belongs to the Plaintiff's employer …." Opp. at 12.  Tellingly, Plaintiff attached a declaration to her Opposition but failed to attach a picture of the credit card to support her

---

[3]   Plaintiff erroneously contends that a motion to dismiss for lack of standing falls within the ambit of Rule 12(b)(6), rather than Rule 12(b)(1).  *See* Opp. Br. at 6 n. 2.  Plainly, the absence of standing concerns the Court's Article III subject matter jurisdiction to entertain the case or controversy and thus is subject to Rule 12(b)(1) consideration.

misleading contention.  Plaintiff failed to do so because the credit card ending in 6716 in fact belongs to her, has her name written on it, was used by her in entering her gym membership agreement with Defendant, and makes absolutely no mention of her employer.  *See* Roma Decl., Exhibit A

Indeed, contrary to what she is now conveniently claiming, Plaintiff previously represented that the credit card belonged to her and that she had authority over the card.  In her 2013 Membership Agreement – under the section entitled "**AUTHORIZATION FOR ELECTRONIC PAYMENT SERVICE**" – Plaintiff confirmed having authority over the card and "authoriz[ing] *my* … credit card provider to make my payment method indicated below and post it to my account."  Roma Decl., Exhibit B (emphasis added).  In her Declaration, Plaintiff even admits that she is "permitted to use this card only for office expenses" but that she also uses it to pay for her personal gym membership.  Decl. of Noreen Susinno, dated July 18, 2016 at ¶¶ 6-8.

In any event, pending before the Court is an application seeking the entry of Final Judgment in the amount of $1,501.00, permission to deposit the funds with the Court as required by the Local Rules, and entry of an injunction (D.E. #22), in full satisfaction of all Plaintiff's claims and in express accord with guidance from the United States Supreme Court.  *See, e.g., Campbell-Ewald*, 136 S. Ct. at 680 (Roberts, C.J., dissenting) (stating that the plaintiff received complete relief when

the defendant made its offer, but if there was any "question whether [the defendant] is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court"); *id.* at 684 (Alito, J., dissenting) (noting that a case is moot when a defendant makes it "absolutely clear" that the plaintiff will be able to receive the offered relief, emphasizing the "most straightforward way" to do so "is simply to pay over the money"). With this **additional** tender of payment to Plaintiff, mootness is beyond dispute compelling dismissal.

**B.     Dismissal Is Consistent With And Supported By *Campbell-Ewald*.**

In light of the facts here and the U.S. Supreme Court's decision in *Campbell-Ewald*, dismissal is proper because upon receipt of the $1501.00, and the application to deposit the funds with the Court, Plaintiff no longer had a "live claim." Though the Supreme Court determined that "[a]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," it expressly left open "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell-Ewald*, 136 S. Ct. at 672. "That question is appropriately reserved for a case in which it is not hypothetical." In the matter *sub judice*, the question is no longer hypothetical and dismissal is warranted. *Id.*

In its discussion, the Supreme Court contrasted the facts at issue in *Campbell-Ewald* with cases (like this case) in which a plaintiff actually received relief:

- "In *San Pablo* ... [the defendant] actually deposited the full amount demanded in a California bank in the State's name, in accord with a California statute that 'extinguished' the railroad's tax obligations ...."
- "*San Mateo* and *Little* similarly involved actual payment of the taxes for which suit was brought."

*Campbell-Ewald* at 671.  The takeaway, noted the Court, was that "[i]n contrast to the cases Campbell highlights, when the settlement offer Campbell extended to Gomez expired, Gomez ***remained emptyhanded*** ... ."  *Id.* at 672 (emphasis added). Likewise, in his concurrence, Justice Thomas noted that "with neither of these offers did the company make payment; it only declared ***its intent to pay***."  *Id.* at 676 (Thomas, J. concurring) (emphasis added).   In contrast, Defendant has not merely shown that it intends to pay Plaintiff, it actually "deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff" and the Plaintiff cannot earnestly claim to have "remained emptyhanded" after receiving the funds in an account bearing her name, that she uses for personal matters, and affirmatively represented to Defendant belonged to her.

Plaintiff, moreover, is incorrect in claiming that the "unanimous view of courts ... is that a tender of complete relief on a plaintiff's individual claim does not moot the class claims …"  Opp. at 20.  Plaintiffs in *Grice v. Colvin* – a

"***putative class action lawsuit***" decided *after Campbell-Ewald* – alleged constitutional and statutory violations in connection with the Social Security Administration's practice of confiscating portions of Plaintiffs' tax refunds. *Grice v. Colvin*, No. GJH-14-1082, 2016 U.S. Dist. LEXIS 32823, at 1-*2 (D. Md. Mar. 14, 2016). Defendant in *Grice* argued that the plaintiffs' claims were moot because plaintiffs had received a refund of the money recouped through the tax offset program and because the defendant granted waivers confirming that the defendant no longer claimed the plaintiffs owed any debt. *Id.* at *5-*10. The court agreed and confirmed that any class claims expired along with the plaintiffs':

> Before a class is certified ... the class has not obtained legal status independent of the individual named plaintiffs. ... Thus, until a class is certified, if the individual's claim becomes moot, the entire suit becomes moot. *Id.* at *14-*15.[4]

The conclusion is consistent with *Campbell-Ewald*, the court added, because while "a would-be class representative *with a live claim of her own* must be accorded a fair opportunity to show that certification is warranted," an opportunity for certification is not warranted where – as in *Grice* and here – "the named Plaintiffs

---

[4]    The court also disagreed with the plaintiffs' attempt to rely on the "inherently transitory relation-back doctrine," stating that the "relation-back doctrine has invariably focused on the fleeting nature of ***the challenged conduct giving rise to the claim***, not on the defendant's litigation strategy. . . . Thus, even assuming [defendant] granted waivers to the named Plaintiffs only in an effort to 'pick off' these Plaintiffs before this Court had an opportunity to rule on a motion for class certification, the inherently transitory relation-back doctrine would not save this case from dismissal." *Grice*, 2016 U.S. Dist. LEXIS 32823 at *17-*18.

no longer have live claims of their own." *Id.* at *23-*24 (emphasis added) (quoting *Campbell-Ewald*).   Consistent with *Campbell-Ewald* and *Grice*, when Plaintiff actually received the $1501.00, she no longer had a live claim and her claims became moot.

### C.     Plaintiff's Authority Is Factually Distinguishable And Not Controlling.

Every case cited by Plaintiff is distinguishable from the facts present here – in particular, in none of those cases did the plaintiff actually receive an offer of judgment and payment Consequently, the relief Defendant seeks is consistent with all of these decisions, and with *Campbell-Ewald* as well as with *Grice*, because Plaintiff actually received payment.[5]

The Ninth Circuit in *Chen v. Allstate Ins. Co.*, explicitly noted this critical, factual distinction, pointing out that although "on appeal [the defendant] deposited $20,000 in full settlement of [plaintiff's] individual monetary claims in an escrow account," "relief has been offered, but it has not been received" and "a lawsuit – or an individual claim – becomes moot when a plaintiff *actually receives* ... the relief …."  *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 and 1144 (9th Cir. 2016) (emphasis in original).  As in *Chen*, and in contrast to the facts here, ***none*** of the

---

[5]      Nor has Plaintiff cited to a single binding Third Circuit case that warrants allowing Plaintiff's claims to move forward.

plaintiffs in the cases cited by Plaintiff actually received funds in full and final satisfaction of their claims:

- *South Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. 15-13069, 2016 U.S. Dist. LEXIS 49067, *3 (D. Mass. Apr. 12, 2016) (motion to dismiss denied where defendant only "tendered a bank check");

- *Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp. 3d 763, 764 (N.D. Ill. 2016) (denying "a motion styled 'to modify stay'" in which defendants only "professe[d] their ***intent to*** ... 'pay Plaintiff the entire amount of individual relief he seeks ....'") (emphasis added);

- *Brady v. Basic Research, L.L.C.*, No. 13-CV-7169, 2016 U.S. Dist. LEXIS 58131, *3 (E.D.N.Y. May 2, 2016) (denying motion for interlocutory appeal where funds had been placed in a trust account);

- *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2016 U.S. Dist. LEXIS 47034, *11 (E.D. Mich. Apr. 7, 2016) (judgments vacated post-*Campbell-Ewald* where defendants "had made an offer of judgment");[6]

- *Bais Yaakov of Spring Valley v. Varitronics, LLC*, No. 14-5008, 2016 U.S. Dist. LEXIS 58316, *2 (D. Minn. May 2, 2016) (denying a Rule 67 motion to deposit funds);

- *Geismann v. American Homepatient, Inc.*, No. 4:14CV1538, 2016 U.S. Dist. LEXIS 78446, *2-*3 (E.D. Mo. June 16, 2016) (denying motion to deposit funds where defendant tendered check);

- *Ung v. Universal Acceptance Corp.*, No. 15-127, 2016 U.S. Dist. LEXIS 72861, *13 (D. Minn. June 3, 2016) (claims not rendered moot because defendant "*tendered* a now-rejected check [and plaintiff] would end up empty-handed") (emphasis in original); and

- *Family Med.* Pharm*., LLC v. Perfumania Holdings, Inc.*, No. 15-0563, 2016 U.S. Dist. LEXIS 87028 (S.D. Ala. July 5, 2016) (denying motion to dismiss where defendant had tendered check that was rejected).

---

[6]      Defendant notes that Plaintiff relies on the same decision in its brief under two citations – initially as *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2016 WL 1394648 (E.D. Mich. Apr. 7, 2016), and later as *APB Associates, Inc. v. Bronco's Saloon, Inc.*, __ F. Supp. 3d __, 2016 WL 1394646 (E.D. Mich. Apr. 7, 2016).

Unlike in *Campbell-Ewald*, but as in *San Pablo*, *San Mateo* and *Little* – which the U.S. Supreme Court noted in *Campbell-Ewald* featured mooted claims due to receipt of funds – and as in *Grice*, Plaintiff here has actually received funds from Defendant because funds were deposited in an account belonging to her.  Every non-binding case to which Plaintiff cites is thus readily distinguishable.

Accordingly, having received an offer ***and*** payment, Plaintiff's claims are moot and should be dismissed in accord with *Campbell-Ewald* and its progeny.

## CONCLUSION

This is not a case in which Plaintiff was harmed by multiple calls that interrupted her enjoyment of some activity or interfered with the use of her cell phone.  Plaintiff received one voicemail.  She has not pled any facts to show that she suffered a concrete harm and therefore she does not have standing to proceed with her claim.

In addition to lacking standing, Plaintiff's claims warrant dismissal because they are moot.  Plaintiff no longer has a "live claim" because she received an offer of judgment, the requested injunctive relief, and payment in the amount of $1501.00 into an account belonging to her in full satisfaction of all her claims.  As confirmed in *Grice*, it is of no consequence that Plaintiff purports to bring her claims on behalf of a class because Plaintiff no longer has a live claim and "until a

14

class is certified, if the individual's claim becomes moot, the entire suit becomes moot." *Grice*, 2016 U.S. Dist. LEXIS 32823, at *14.

Based on the foregoing, Defendant respectfully requests that the Complaint be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), either because Plaintiff has failed to satisfy the standing requirements of Article III or, in the alternative, because her claims are moot, and grant such other, further, and additional relief as the Court deems just and proper.

Dated: Woodland Park, New Jersey      ANSELL GRIMM & AARON, P.C.
      July 25, 2016

By:_____
       Joshua S. Bauchner, Esq.
       Michael H Ansell, Esq.
       365 Rifle Camp Road
       Woodland Park, New Jersey 07424
       (973) 247-9000
       (973) 247-9199 facsimile
       jb@ansellgrimm.com

       MINTZ LEVIN COHN FERRIS GLOVKSY
       AND POPEO P.C.
       Joshua Briones (*pro hac forthcoming*)
       Crystal Lopez (*pro hac forthcoming*)
       Esteban Morales (*pro hac forthcoming*)
       2029 Century Park East, Suite 1370
       Los Angeles, CA 90067
       (310) 586-3200
       (310) 586-3202 facsimile
       jbriones@mintz.com

       *Attorneys for Defendant*

15