# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOREEN SUSINNO,<br><br>*Plaintiff*,<br><br>v.<br><br>WORK OUT WORLD, INC., et al.<br><br>*Defendants*. | Civil Action No.: 15-cv-5881 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant Work Out World, Inc.'s motion to dismiss Plaintiff's Complaint, pursuant Federal Rule of Civil Procedure 12(b)(1) (ECF No. 34). Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA), on behalf of herself and a putative class. (ECF No. 15). Defendant contends that since it tended complete relief to Plaintiff under the TCPA, this Court lacks subject-matter jurisdiction since Plaintiff's individual claims are moot. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

The underlying facts are more thoroughly explained in *Sussino v. Work Out World Inc.*, 862 F.3d 346 (3d Cir. 2017); therefore, this Court limits its discussion to the facts pertinent to the present matter. Plaintiff filed the First Amended Complaint ("FAC") individually and behalf of a putative class of people who received phone calls from Defendant Work Out World, Inc. ("WOW"), contrary to the TCPA. According to the Complaint, in July 28, 2015, WOW used an automatic dialing system that left a pre-recorded message in Plaintiff's voicemail system. (FAC at ¶¶ 20-22).

1

The following month, WOW served Plaintiff an Offer of Judgment, pursuant Federal Rule of Civil Procedure 68, in the amount of $1501.00 and provided a proposed Order for a Stipulated Permanent Injunction in full satisfaction of Plaintiff's claims. (ECF No. 34-5, "Exhibit B"). Plaintiff rejected this offer. However, on March 30, 2016, WOW deposited the $1501.00 amount, arising from the TCPA violation, into Plaintiff's credit card account ending in 6716. (ECF No. 34-6, "Exhibit C"). Plaintiff claims to have never received payment; instead, she maintains that WOW deposited funds into her employer's credit card account, not her own. (Pl.'s Brief in Opp. at 1).

Relying on Federal Rule of Civil Procedure 68, WOW argues this Court should enter a final judgment, over Plaintiff's objections, since it has tendered all available relief. Plaintiff responds, contending that a tender of complete relief of her individual claims does not render the class action claim moot, nor has WOW properly tendered payment to Plaintiff, which may negate her individual cause of action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. Standing is a jurisdictional matter and thus "a motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b) (1)." *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007). A 12(b)(1) motion to dismiss may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* In reviewing a factual attack, however, the challenge is to the actual alleged

jurisdictional facts. Thus, a court is free in that instance to consider evidence outside the pleadings. *Id.*

ANALYSIS

Defendants move to dismiss the present matter pursuant Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, since no Article III case or controversy remains because WOW's Rule 68 offer rendered moot Plaintiff's individual claim. Plaintiff responds that WOW's offer does not affect the present matter and, in fact, WOW has yet to properly tender payment to Plaintiff.

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), the Supreme Court recently addressed the issue of whether an unaccepted settlement offer, under Rule 68, renders a case moot. *Id.* at 666. In *Campbell-Ewald*, the defendants, pursuant Rule 68, offered to pay the proposed class representative his costs, excluding attorney's fees, and damages under the TCPA, which the plaintiff rejected. *Id.* at 667-68. The defendants thereafter moved to dismiss the case, under Federal Rule of Civil Procedure 12(b)(1), contending their Rule 68 offer rendered the plaintiff's individual claims as moot, and since the plaintiff had yet to move for class certification, the putative class claims were also moot. *Id.* at 668.

Given basic principles of contract law, the Supreme Court held that once a Rule 68 offer of judgment is rejected, it no longer has any force. *Id.* at 670. The Court explained, "[l]ike other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Id.* at 666. Moreover, the Supreme Court discussed the significance that a Rule 68 offer would have on an uncertified class, "[w]hile a class lacks independent status until certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that

certification is warranted." *Id.* at 672 (citation omitted). However, the Supreme Court left open the possibility of whether a tendered payment of the full amount of a plaintiff's claim would otherwise moot a plaintiff's case:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 672.

It is clear that the Supreme Court's hypothetical question inspired WOW's present motion. Here, it contends that its tendered payment to Plaintiff's credit card account renders the present action moot. In support, WOW cites *Leyse v. Liftetime Entm't Servs., LLC*, 171 F. Supp. 3d 153, 155 (S.D.N.Y. 2016), where the Southern District of New York held that "once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor. A plaintiff has no entitlement to an admission of liability, as a party can always incur a default judgment and liability without any factual findings." The court explained:

> If the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law.

*Id.* (internal quotation marks and citations omitted). However, in *Leyse*, the plaintiff's motion for class certification had already been denied, and the trial court was left only with the plaintiff's individual claims. *Id.* at 154. As such, *Leyse* did not concern itself with the vitality of a live class action claim, which *Campbell* explicitly noted. *See* 136 S. Ct. at 672.

Although the Third Circuit has not decided whether a tender of complete relief to a class representative's individual claims renders moot the class-wide claims, other circuits that have addressed this issue have answered in the negative. In *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d

4

541, 542 (7th Cir. 2017), the putative class representative filed a lawsuit against the defendant, under the TCPA, alleging unsolicited faxes from the defendant. Thereafter, the defendant sought to tender a settlement offer to the plaintiff, under Rule 67, by depositing a payment with the court; as such, the defendant contended this tendered offer rendered moot both the plaintiff's individual and class-wide claims. *Id.* The Seventh Circuit noted no "principled distinction" between Rule 67 and 68, and concluded that, under *Campbell-Ewald*, the defendant's unaccepted settlement offer was of no force. *Id.* at 545. In *Chen v. Allstate Insurance Co.*, 819 F.3d 1136, 1138-39 (9th Cir. 2016), the Ninth Circuit faced a similar issue where the defendant deposited $20,000 into an escrow account for the prospective class representative and later sought dismissal of his individual claims, as well as the class claims. The Ninth Circuit first noted that the plaintiff's individual claims were not moot, since he has not received all the relief sought and, with regards to the class allegations, held:

> [W]hen a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.

*Id.* at 1147.

Against this legal backdrop, the Court identifies two major problems with WOW's motion, both of which provide a basis for denial. First, there is a disputed fact. WOW claims it has deposited the $1,501.00 into an account payable to Plaintiff, while Plaintiff maintains that the said amount was transferred to a credit card that belongs to her employer. (Pl's Brief in Opp. at 7). "Plaintiff has not seen this $1,501.00 credit, has not been provided it, and has never been offered it by anybody." (*Id.*). As such, there is clearly a material issue as to whether Plaintiff has properly tendered payment such that would render her individual claims moot. Moreover, WOW's

5

assertion that it has offered the entire class complete relief finds no support in the record. Not only did Plaintiff reject this offer, but WOW's offer did not provide any monetary relief to the putative class under 47 U.S.C. § 227(b)(3). As such, since WOW has failed to offer complete relief on Plaintiff's class-wide claims, judgment is not warranted. *See Chen*, 819 F.3d at 1147.

Second, even assuming that WOW's tendered payment sufficed to render Plaintiff's individual claims as moot, Plaintiff would still be entitled to seek class certification under the "relation back doctrine." *See Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 279 (3d. Cir. 2016). In *Richardson*, the Third Circuit was tasked with determining whether the plaintiff's class-wide claims were rendered moot, since his individual claims were settled. *Id.* at 276. The Third Circuit began by discussing how, under the relation back doctrine, a court can permit "a would-be class representative's (now moot) claim for relief back in time to a point at which that plaintiff still had a personal stake in the outcome of the litigation. The plaintiff can thus continue to represent, or seek to represent, a class of similarly situated persons despite no longer having a justiciable claim for individual relief." *Id.* at 279 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991)). This doctrine, the court noted, was in accord with the "picking off exception to mootness," which "bars defendants from dodging class suits by mooting the claims of named plaintiffs before they have a fair opportunity to move for class certification." *Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650, 658 (E.D. Pa. 2016) (citing *Richardson*, 829 F.3d at 281-82). With these principles set forth, and relying on the Supreme Court's decision in *Campbell-Ewald*, the Third Circuit concluded:

> when a would-be class representative is *not* given a "fair opportunity" to show that certification is warranted (perhaps because her individual claim became moot before she could reasonably have been expected to file for class certification), she should be permitted to continue seeking class certification for some period of time after her claim has become moot.

*Richardson*, 829 F.3d at 283.

Guided by *Richardson*, even if Plaintiff's individual claims were moot, she is entitled to seek class certification,[1] under both the relation back doctrine and the picking off exception to mootness. Here, it is apparent that WOW sought settlement with Plaintiff, in an attempt to thwart class certification. However, to deny class certification at this point, based solely on Plaintiff's moot individual claim, would be to deprive her of a "fair opportunity to show that certification is warranted." *Campbell-Ewald*, 136 U.S. at 672; *Richardson* 829 F.3d at 283. In sum, Plaintiff may have a personal stake in the present matter, and she has a right to seek class certification, as noted above. Therefore, for these reasons, WOW's motion is denied.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 28th day of November, 2017,

ORDERED that Defendants' Motion to Dismiss (ECF No. 34) is DENIED.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

[1] A class certification motion has not been filed as of this date.