UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOREEN SUSSINO, individually and on behalf of all other similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WORK OUT WORLD, INC. and JOHN DOES 1-25,<br><br>*Defendants*. | Civil Action No.<br>3:15-cv-05881 (PGS)(TJB)<br><br>**MEMORANDUM<br>AND ORDER<br>DENYING PLAINTIFF'S<br>MOTION TO REOPEN THE CASE<br>AND TO FILE A<br>SECOND AMENDED COMPLAINT** |

This matter comes before the Court on Plaintiff Noreen Sussino's (Sussino) motions to reopen the case and for leave to file a second amended complaint. (ECF. Nos. 110-1, 111). On June 16, 2021, this case was administratively terminated until the lifting of the automatic stay in a related bankruptcy matter, *In re WOW V, LLC*, No. 21-bk-14606-KCF (D.N.J. Bankr. filed June 2, 2021). (ECF No. 104). This Court heard oral argument on September 20, 2021. (ECF No. 118). For the reasons stated below, the motion to reopen the case is denied, and the motion for leave to file a second amended complaint is denied without prejudice.

I.

On July 28, 2015, Defendant Work Out World, Inc. (Work Out World), an athletic club, called Sussino on her cell phone and left a prerecorded message on her voicemail using an

1

automatic telephone dialing system (ADTS) in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). (Amended Complaint ¶17-22, ECF No. 15). When Work Out World filed an answer to Plaintiff's complaint, Work Out World admitted it "is and was at all relevant times a business entity duly formed under the laws of the State of New Jersey." (*Compare* Am. Complaint ¶ 16, ECF No. 15 *with* Answer ¶ 2, ECF No. 43). Work Out World later served Plaintiff with an Offer of Judgment on behalf of "Work Out World, Inc." (ECF No. 34-5).

Despite these concessions, it later contended, for the first time, that Sussino was only a member of the WOW XII gym in Wall, New Jersey, that Sussino only had standing to represent members of WOW XII, and that "Work Out World, Inc." was "not even an entity in existence." (ECF No. 62). At first, this Court rejected Work Out World's arguments. (ECF No. 66 at 1, n.1).

But later, on a motion summary judgment, Work Out World resurrected its argument that Sussino was only a member of the WOW XII gym in Wall, New Jersey, "a separate legal entity distinct from each and every other WOW gym location, which are each, themselves, distinct legal entities." (Defendant's Memo. in Support of Summary Judgment 9-16, 9, 14, ECF No. 73). Therefore, this Court lacked jurisdiction because Work Out World, Inc. was not a "legal person." *Id.* at 5. Subsequently, Work Out World moved to amend its answer, contending "Work Out World, Inc." was a "non-existent entity" and that "Work Out World" was a "colloquial name for twelve (12) gym facilities, each of which is a legally distinct New Jersey corporate entity." (Defendant's Memo. in Support of Leave to File Amended Answer 1, ECF No. 82).

While the motion for summary judgment was pending, Plaintiff moved for approval of her proposed class notice. (ECF. No. 74). This Court denied all motions in June 2020 and

2

directed the parties to appear before the magistrate judge in order to resolve any procedural complications arising from Work Out World's corporate structure. (ECF. No. 89).

On June 2, 2021, WOW V, LLC, one of the Work Out World gyms, filed for bankruptcy in the District of New Jersey. *In re WOW V, LLC*, No. 21-bk-14606-KCF (D.N.J. Bankr. filed June 2, 2021). As a result, on June 16, 2021, this Court administratively terminated the class action litigation until the bankruptcy stay was lifted. (ECF No. 104). On August 4, 2021, Plaintiff moved to reopen the case and for leave to file a second amended complaint. (ECF Nos. 110, 111).

## II.

The administrative termination of a case permits a court to "remove cases from [its] active files without making any final adjudication." *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (quoting *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999)). "Administrative closings are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted). "The practical effect is to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (internal quotation marks omitted). Administrative termination or closing is a "practical tool used by courts to prune overgrown dockets." *Stevens v. Santander Holdings USA Inc.*, 799 F.3d 290, 296 (3d Cir. 2015) (internal quotation marks omitted). The administrative termination or closing of a case is within the Court's discretion. *Cohen*, 371 F.3d at 127-28. A case administratively terminated may be reopened upon a motion by a party or on the court's own volition. *Stevens*, 799 F.3d at 296.

When a defendant in civil litigation files for bankruptcy and receives the protection of the automatic stay,[1] 11 U.S.C § 362(a), an administrative termination of the civil litigation is appropriate because the automatic stay applies to judicial proceedings "to recover a claim against the debtor that arose before the commencement of the" bankruptcy proceedings. 11 U.S.C § 362(a)(1). Civil litigation subject to an automatic stay is "likely to remain moribund for an appreciable period of time," *Freeman*, 709 F.3d at 247, as the court must wait for the bankruptcy proceedings to conclude. *Compare Ellis v. Westinghouse Elec. Co., LLC*, ___ F.4th ___, ___, slip op. at 29 (3d Cir. 2021) *with In re ICL Holding Co.*, 802 F.3d 547, 549 (3d Cir. 2015).

### III.

**A. Plaintiff's Motion to Reopen the Case**

Plaintiff seeks to reopen the case, contending the automatic stay in WOW V's bankruptcy does not apply to any defendant named in the first amended complaint or in the proposed second amended complaint. (Plaintiff's Motion to Reopen Case 2, ECF No. 110-1). In the first amended complaint, Plaintiff named "Work Out World, Inc." as the defendant. (Amended Complaint ¶16). In the proposed second amended complaint, Plaintiff names WOW I, WOW III, WOW IV, WOW VI, WOW VII, WOW VIII, WOW X, WOW XII, WOW XIV, and WOW XVI. WOW V, the one bankrupt gym, is not named. (ECF No. 111-2). In light of the ambiguity of Work Out World's corporate structure and WOW V's ongoing bankruptcy, this Court will deny Plaintiff's motion.

---

[1] "The filing of a petition for relief under the Bankruptcy Code, in addition to establishing an estate consisting of the debtor's property, triggers an automatic stay of all acts against the debtor and his non-exempt property. *See* 11 U.S.C. §§ 541(a) and 362(a). With respect to acts against estate property, the automatic stay 'continues until such property is no longer property of the estate.' 11 U.S.C. § 362(c)(1). For all other acts, the automatic stay persists until the earliest of: the case being closed; the case being dismissed; or a discharge being granted or denied (to an individual debtor)." *In re Garrett*, 736 Fed. Appx. 47, 49 n.3 (3d Cir. 2018).

In *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991) *vacated and later reinstated en banc* No. 90-6057, 1992 U.S. App. LEXIS 5144 (3d Cir. Mar. 24, 1992), the Third Circuit noted how "formal distinctions between debtor-affiliated entities are maintained when applying the stay." *Id.* at 1205. For instance, the stay in a bankruptcy of a parent company does not extend to non-bankrupt subsidiaries. *Id.* Furthermore, "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Id.*; *see also McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509-10 (3d Cir. 1997).

However, proceedings against non-bankrupt codefendants may be stayed under "unusual circumstances." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also Belcufine v. Aloe*, 112 F.3d 633, 637 n.5 (3d Cir. 1997) (noting the unusual circumstances test promulgated by *A.H. Robins* "has since been adopted by this Circuit"). The test is whether: (1) there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," *id.*; or (2) "stay protection is essential to the debtor's efforts of reorganization." *McCartney*, 106 F.3d at 510. For a "judgment against the third-party defendant" to be "in effect . . . a judgment . . . against the debtor," the third-party defendant must absolutely indemnify the debtor. *Belcufine*, 112 F.3d at 637 n.5. For stay protection of a codefendant to be "essential to the debtor's efforts of reorganization," the third party is typically an officer or principal of a debtor business and the codefendant's knowledge of the business or expertise must be necessary for the business to successfully reorganize. *See McCartney*, 106 F.3d at 510.

Considering the obligation of this Court to respect the automatic stay against WOW V, 11 U.S.C § 362(a)(1); the "unusual circumstances" of Work Out World's corporate structure, *McCartney*, 106 F.3d at 510, which could very well result in the other WOW gyms being involved in WOW V's bankruptcy case; and the discretion this Court is afforded in deciding to administratively terminate cases and manage its docket, *Cohen*, 371 F.3d at 127-28, this Court will deny Plaintiff's motion to reopen the case.

### B. Plaintiff's Motion for Leave to File a Second Amended Complaint

Because this Court is denying Plaintiff's motion to reopen the case, Plaintiff's motion for leave to file a second amended complaint is denied without prejudice.

### ORDER

**THIS MATTER** having come before the Court on a Motion to Reopen the Case and a Motion for Leave to File a Second Amended Complaint filed by Plaintiff (ECF No. 110-1, 111); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 25 day of October 2021,

**ORDERED** that Plaintiff's Motion to Reopen the Case is **DENIED**. Either party may move to reopen the case upon the conclusion of the proceedings of *In re WOW V, LLC*, No. 21-bk-14606-KCF.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED WITHOUT PREJUDICE**.

_____
PETER G. SHERIDAN, U.S.D.J.